*Notice: This order is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*



In the Supreme Court of the State of Alaska

| | | |
|---|---|---|
| In the Matter of the Protective Proceedings of H.T. | ) ) ) ) ) ) ) ) | Supreme Court No. S-18821 |
| | | Superior Court No. 3AN-23-00671 PR |
| | | **Order** |
| | | **Order No. 119 – December 8, 2023** |

Before: Maassen, Chief Justice, Carney, Borghesan, Henderson, and Pate, Justices.

This petition for review arises out of a guardianship proceeding wherein the Public Guardian, through the Office of Public Advocacy (OPA), refuses to accept a court-ordered appointment to serve as H.T.'s guardian. OPA argues that unless it "accepts" such an appointment, the court does not have personal jurisdiction to compel the appointment. The superior court rejected this argument, and OPA asks us to review whether the superior court's order violated AS 13.26.261. In addition, OPA suggests that to the extent the statute supports the notion that personal jurisdiction over an agency attaches prior to the agency's acceptance of an appointment as guardian, due process rights and the constitutionality of the statute itself are implicated. We invited the State to respond, and we have now reviewed and considered both the petition and response in this matter.[1] We GRANT review to clarify that the guardianship statutes provide

---

[1] We note that OPA has recently requested dismissal of its petition, indicating that it "has been able to accept H.T.'s case off of the Public Guardian waitlist," but acknowledging that "the issue may present itself again." We denied OPA's motion to dismiss, applying the public interest exception to the mootness doctrine. *See Kodiak*

superior courts with jurisdiction over OPA prior to, or regardless of, OPA's acceptance of appointment, and that the statutory scheme does not violate due process as applied to the agency.

When the court appoints the Public Guardian — essentially a guardian of last resort — its jurisdiction over the guardian does not depend on "acceptance" of the appointment under AS 13.26.261. Alaska Statute 13.26.710(b) provides:

> A court may order the public guardian to act as full guardian, partial guardian, conservator, or special conservator for a person who is determined under this chapter to be in need of guardianship or conservatorship service if no person or private guardianship association is willing and qualified to perform the function.

Alaska Statute 13.26.261, meanwhile, provides:

> By accepting appointment, a guardian submits personally to the jurisdiction of the court in any proceeding relating to the guardianship that may be instituted by any interested person. Notice of any proceeding shall be delivered to the guardian or mailed by ordinary mail to the guardian's address as listed in the court records and to the guardian's address as then known to the petitioner.

While OPA argues that the superior court lacks jurisdiction to require it to do anything until it files an acceptance of the court's appointment under AS 13.26.261, the State contends that AS 13.26.710 vests the court with such jurisdiction by providing that the court may order OPA (acting as the Public Guardian) to serve as guardian as a matter of last resort. We agree with the State that the superior court has jurisdiction under AS 13.26.710 to appoint OPA to serve as guardian as a matter of last resort

---

*Seafood Processors Ass'n v. State*, 900 P.2d 1191, 1196 (Alaska 1995) ("The public interest exception requires the consideration of three main factors: (1) whether the disputed issues are capable of repetition, (2) whether the mootness doctrine, if applied, may cause review of the issues to be repeatedly circumvented, and (3) whether the issues presented are so important to the public interest as to justify overriding the mootness doctrine.").

regardless of OPA's acceptance of that appointment. OPA's argument otherwise would make the court's authority to appoint the Public Guardian subject to OPA's discretion, thus nullifying the court's intended authority under AS 13.26.710. The agency's argument also directly contradicts its position in the context of prior litigation, where it has argued that it does not have the discretion to decline such appointments. As the State points out, OPA relied on that position, among other points, to argue that it should not be required to strictly adhere to statutory requirements, and that substantial compliance was sufficient, in the course of litigating in *Kirkland ex rel. M.M. v. State, Department of Administration, Office of Public Advocacy.*[2]

Regarding OPA's due process argument, we note that state agencies such as OPA lack due process rights under the Alaska and federal constitutions. We have expressly recognized that a government agency, such as OPA, is "not a 'person' that can assert due process rights."[3] Moreover, the statutory scheme does afford OPA a measure of notice and process. Although OPA contends that allowing the court to exercise jurisdiction prior to OPA's acceptance of an appointment would deny OPA notice of potential errors with the appointment and an opportunity to be heard, the statutory scheme permits OPA to seek modification or amendment of the guardianship order. The statutes also permit OPA to petition the court for removal or resignation.[4]

Finally, we do not find persuasive the suggestion that OPA may assert constitutional due process rights of individual guardians. Indeed, OPA sets forth no reason why it would have third-party standing to assert constitutional rights of

---

[2] 462 P.3d 539 (Alaska 2020).

[3] *Alaska State Comm'n for Hum. Rts. v. United Physical Therapy*, 484 P.3d 599, 608 (Alaska 2021). *See also South Carolina v. Katzenbach*, 383 U.S. 301, 323-24 (1966) (holding state is not "person" for purpose of Fifth Amendment Due Process Clause); *Kenai Peninsula Borough v. State, Dep't of Cmty. & Reg'l Affs.*, 751 P.2d 14, 18 (Alaska 1988) ("[A] political subdivision of the state may not challenge the validity of a state statute under the due process or equal protection clauses.").

[4] AS 13.26.286(a).

individual guardians when these potential guardians can raise any objections to appointment through the statutory process.

The superior court order denying OPA's motion to dismiss for lack of jurisdiction over the Public Guardian is AFFIRMED. In addition, we deny OPA's motion to stay the superior court order compelling it to act as H.T.'s guardian. This denial is without prejudice to OPA's ability to seek relief as may be available, such as modification or amendment of the guardianship, or even withdrawal, if appropriate. We do not retain jurisdiction.

Entered by direction of the court.

Clerk of the Appellate Courts

/s/
Meredith Montgomery

Distribution:

Email:
Goldstein, Beth
Matthews, Meredith S.
Hawkins, Karen L.
Hazley, Tonja